FILED

**NOT FOR PUBLICATION**

NOV 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARINA AVIATION, LLC; PHIL LEWIS,

       Petitioners,

  v.

FEDERAL AVIATION
ADMINISTRATION; CITY OF MARINA,

       Respondents.

No.    22-70173

FAA No. 16-21-12

MEMORANDUM[*]

On Petition for Review of an Order of the
Federal Aviation Administration

Submitted November 15, 2023[**]
San Jose, California

Before:  MURGUIA, Chief Judge, and GRABER and FRIEDLAND, Circuit
Judges.

     Petitioners Marina Aviation, LLC, and Phil Lewis (together "Marina

Aviation") seek review of the Federal Aviation Administration's ("FAA") decision

that the City of Marina did not breach its federal obligations in declining to extend

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Marina Aviation's lease at the Marina Municipal Airport. We have jurisdiction under 49 U.S.C. § 46110(a). We deny the petition for review.

Substantial evidence supports the FAA's conclusion that the City declined to extend Petitioners' lease because they failed to make timely rent payments under the existing lease. Lewis acknowledged that Marina Aviation "owe[d] the City some amount for back rent and interest[.]" Jeffrey Crechriou, the Airport Services Manager at the Marina Municipal Airport, submitted a declaration describing Marina Aviation's history of "missed rental payments and resulting late fees and interest[,]" which resulted in a "Repayment Agreement" between Marina Aviation and the City. According to Crechriou, the City Council held a closed session on July 21, 2020, at which the City decided against extending Marina Aviation's lease "due to Marina Aviation's history of non-compliance with the Ground Lease Terms and its continuing defaults under the Ground Lease and the Repayment Agreement."

Marina Aviation argues that the FAA "should not have considered the declaration of Mr. Crechriou" because it is "riddled with hearsay" and not authenticated. However, hearsay is allowed in agency proceedings provided that it is "reliable [and] probative." *See* 5 U.S.C. § 556(d); *Richardson v. Perales*, 402 U.S. 389, 407–08 (1971). Marina Aviation does not meaningfully dispute that the declaration is reliable and probative. Thus, Marina Aviation's argument that the

FAA should not have considered this evidence fails.

Marina Aviation also argues that the City's July 2020 closed-door meeting violated California's Brown Act, Cal. Gov't Code § 54950 *et seq.* Because Marina Aviation raises this argument for the first time on appeal, it fails for this reason alone. *See Japanese Vill., LLC v. Fed. Transit Admin.*, 843 F.3d 445, 454–55 (9th Cir. 2016); *see also Marathon Oil Co. v. United States*, 807 F.2d 759, 767–68 (9th Cir. 1986) ("As a general rule, we will not consider issues not presented before an administrative proceeding at the appropriate time."). In any event, the Brown Act has no bearing on whether the City breached its *federal* obligations.

**Petition DENIED.**[1]

---

[1] We deny the City's motion for judicial notice as MOOT.